**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Howard R. Tallman**

| | |
|---|---|
| In re: | ) |
| | ) |
| **LOUIS MARKO GONZALES and** | ) **Case No. 09-27194 HRT** |
| **MARY LOUISE GONZALES,** | ) |
| | ) **Chapter 13** |
| Debtors. | ) |

## ORDER ON THE COURT'S ORDER TO SHOW CAUSE

This matter comes before the Court for hearing on the Court's *Order to Show Cause Why the Debtors' Discharge Should Not Be Vacated as Improvidently Granted* (docket #87) (the Order to Show Cause). The Court issued its Order to Show Cause because its review of its docket revealed contradictory filings that call into question the propriety of the Court's entry of the Debtors' discharge in this case.

## I. FACTS

1.    The Debtors filed this case under chapter 13 on August 21, 2009.

2.    The Debtors' Schedule A lists a personal residence located at 8600 W. 86th Avenue, Arvada, CO 80005 (the "Property"). The Debtors value the Property at $165,000.00 and they estimate the value of liens against the Property at $214,897.00.

3.    On the Debtors' Schedule D, they disclose a debt to BAC Home Loans Servicing LP, in the amount of $173,110.00 as the holder of a first priority deed of trust on the Property. They disclose another debt to BAC Home Loans Servicing, LP, in the amount of $41,787.00 as the holder of a second priority deed of trust on the Property.

4.    The Court's claims register reflects a claim, secured by the Property, filed by BAC Home Loans Servicing, LP, as agent for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWABS 2004-05 (Claim 7-1) in the amount of $179,909.47 with a pre-petition payment arrearage of $7,290.14.

5.    The Court's claims register also reflects a claim, secured by the Property, filed by BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP, (Claim 14-1) in the amount of $49,210.11 with a payment arrearage of $7,650.86.

6.    On October 7, 2009, the Debtors filed a Motion to Determine Secured Status Pursuant to 11 U.S.C. Section 506 (docket #16). The motion named Bank of

ORDER ON THE COURT'S ORDER TO SHOW CAUSE
Case No. 09-27194 HRT

America Home Loans as the Respondent and sought to value the bank's second mortgage lien at $0.00 and to remove the lien from the Property following completion of the Debtors' chapter 13 plan. The motion was granted without opposition by the Court's Order Granting Motion for Valuation of Collateral and Determination of Secured Status (docket #30) on December 7, 2009.

7.      Also on December 7, 2009, the Court entered its confirmation order (docket #29) confirming the Debtors' amended chapter 13 plan dated November 11, 2009 (docket #24). The Debtors' confirmed plan provided for maintenance of regular monthly payments on the first mortgage loan to BAC Home Loans Servicing, LP, ("BAC") in the amount of $1,280.00 monthly in addition to curing a pre-petition payment arrearage in the amount of $12,000.00.

8.      On July 22, 2011, the Debtors filed a motion to modify their confirmed plan (docket #47). That motion was granted and the modified plan, dated July 22, 2011, (docket #46) was confirmed on August 31, 2011(docket #50). The Debtors' modified plan made no material changes to their treatment of the first mortgage debt owed to BAC.

9.      Following the completion of the Debtors' payments to the Chapter 13 Trustee under their chapter 13 plan, on October 7, 2014, the Trustee filed her Notice of Final Cure Payment (docket #75) (the "Rule 3002.1 Notice"). Trustee's Rule 3002.1 Notice was served on BAC and its counsel and stated that the Trustee had paid the mortgage payment arrearage to BAC in the amount of $7,290.14 pursuant to its Proof of Claim No. 007. The Rule 3002.1 Notice directed BAC to file a statement within 21 days stating whether it agreed that it had received payment of the amount required to cure the pre-petition payment default and whether it agreed that the Debtors were otherwise current on their payment obligations to BAC with respect to its first mortgage claim.

10.     On October 21, 2014, the Debtors filed their Chapter 13 Debtor's Certification to Obtain Discharge Pursuant to 11 U.S.C. § 1328 (docket #77). Each Debtor certified, under penalty of perjury, that "I have completed all payments and obligations required by my Chapter 13 Plan."

11.     On October 28, 2014, BAC timely filed its Statement in Response to Notice of Final Cure Payment (the "BAC Statement") (filed as a supplement to its proof of claim). Therein, it stated that it agrees that the payment default in the amount of $7,290.14 had been fully paid. However it stated that it disagreed that the Debtors had maintained their monthly payments to BAC. The BAC Statement alleges that post-petition payments in the amount of $49,377.71 remain unpaid as of October 1, 2014.

ORDER ON THE COURT'S ORDER TO SHOW CAUSE
Case No. 09-27194 HRT

12.    Debtors do not dispute the information contained in BAC's response to the Trustee's Rule 3002.1 Notice.  In fact, the Debtors have filed a new bankruptcy Case No. 15-11879-HRT under chapter 13.  The Debtors' plan in that case (Case No. 15-11879-HRT, docket #2) proposes to cure a mortgage arrearage owed to Greentree in the amount of $50,000.00.[1]

13.    Neither the Trustee nor the Debtors sought a judicial determination of whether the Debtors had paid all post-petition amounts as permitted under Rule 3002.1(h).

14.    On January 13, 2015, the Trustee made an entry upon the Court's docket informing the Court that the Debtors had completed their plan and requesting entry of the Debtors' discharge.

15.    On January 14, 2015, the Court entered the Debtors' discharge (docket #81).

## II.  DISCUSSION

The narrow issue before the Court is whether it properly granted the Debtors a discharge under 11 U.S.C. § 1328(a) based upon their certification to the Court that they had "completed all payments and obligations required by [their] Chapter 13 Plan," and upon the Trustee's Statement of Completion with Request for Discharge.  The Court concludes that the Debtors did not complete the payments and obligations required of them under their chapter 13 plan and that, under the circumstances, entry of the Debtors' discharge was improper.  The Court will vacate the Debtors' discharge.

The provision of the Bankruptcy Code authorizing entry of a discharge in favor of a chapter 13 debtor provides, in relevant part, that

as soon as practicable after *completion by the debtor of all payments under the plan* . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title . . . .

11 U.S.C. § 1328(a) (emphasis added).

The express predicate for a chapter 13 debtor to be entitled to receive a discharge of debts under § 1328(a) is the "completion by the debtor of all payments under the plan."  Here, the

---

[1] On January 8, 2015, Green Tree Servicing, LLC, filed a notice in the instant case that it had taken transfer of the claim filed in this case by BAC with respect to the first mortgage obligation on the Debtors' home.

Page 3 of 7

ORDER ON THE COURT'S ORDER TO SHOW CAUSE
Case No. 09-27194 HRT

Debtors completed all of the payments that their confirmed plan required them to make to the Trustee. But it is undisputed that they did not make all of the payments they were required to make directly to BAC under their confirmed plan. That raises the question of what constitutes "payments under the plan" as that term is used in § 1328(a).

The Court has had prior occasion to examine the question of whether payments made directly to a creditor pursuant to the terms of a confirmed plan are "payments under the plan" in the case of *In re: Daggs*, Case No. 10-16518-HRT. There, the Court found that the debtor was not entitled to discharge under § 1328(a) due to her failure to make all payments under her plan. The Court further found that failure to be a material default under § 1307 and converted the case to a case under chapter 7. *See* Case No. 10-16518-HRT, docket #49.

Subsequent to the Court's decision in *Daggs*, a Texas bankruptcy court decided the case of *In re Heinzle*, 511 B.R. 69 (Bankr. W.D. Tex. 2014). There, the trustee had filed a motion to deny discharge and dismiss the debtors' case. The Court held that, where a chapter 13 plan makes provision for direct payments to creditors, those are "payments under the plan." *Id*. at 78. Further, in that case, the court found the debtors to be in material default under their plan and ordered that the case be dismissed subject to an opportunity to convert their case to chapter 7 prior to the dismissal becoming effective. *Id*. at 83.

All courts that have examined the question of whether payments required to be made directly to creditors under a confirmed chapter 13 plan are "payments under the plan," as that term is used in § 1328(a), have answered the question in the affirmative. *See, e.g., In re Perez*, 339 B.R. 385, 390 n.4 (Bankr. S.D. Tex. 2006) *aff'd sub nom. Perez v. Peake*, 373 B.R. 468 (S.D. Tex. 2007) ("The term 'under the plan' properly refers to any payment made pursuant to the provisions of a Chapter 13 plan, regardless of whether such payment is made through the trustee or by a debtor directly to a creditor."); *In re Russell*, 458 B.R. 731, 739 (Bankr. E.D. Va. 2010) ("[B]ecause payments are not being made through the trustee does not mean they are not being made 'under' the plan."). The Court has located no authority taking a contrary position.

In *Rake v. Wade* the Supreme Court construed the term "provided for by the plan" in § 1328(a) with respect to a chapter 13 discharge. There it said that "[t]he most natural reading of the phrase to 'provid[e] for by the plan' is to 'make a provision for' or 'stipulate to' something in a plan." 508 U.S. 464, 473 (1993). "As used in § 1328(a), that phrase is commonly understood to mean that a plan 'makes a provision for,' 'deals with,' or even 'refers to a claim.'" *Id*. at 474 (citing 5 Collier ¶ 1328.01, at 1328-9). The question of whether a debtor has completed "payments under the plan" deals with different language than what was under consideration in *Rake*. But a construction of the "payments under the plan" language in § 1328(a) narrowly to include only those payments directed to the chapter 13 trustee is impossible to reconcile with the Supreme Court's broad construction of "provided for by the plan," in the same Code section, to include claims that are merely referred to by the plan.

ORDER ON THE COURT'S ORDER TO SHOW CAUSE
Case No. 09-27194 HRT

In short, the Court finds no authority – nor have the parties cited the Court to any – to suggest a cogent argument that payments to be made directly to a creditor, pursuant to the terms of a confirmed plan, are not "payments under the plan" as that term is used in 11 U.S.C. § 1328(a). A standard discharge under § 1328(a) requires completion of all "payments under the plan" and that language plainly embraces payments that a plan provides will be made directly by the debtor to a creditor.

Trustee objects that she should not be required to insert herself into a dispute over payments between the debtor and a direct-payment creditor. She argues that she does not have access to the evidence required to prosecute a motion to dismiss under 11 U.S.C. § 1307 where the debtor's default involves a direct payment creditor. The Court understands that concern. But here, the Trustee affirmatively requested entry of the Debtors' discharge. She did so after she had received a response to her Rule 3002.1 Notice clearly alleging a post-petition default in direct payments of over $49,000.00. The Trustee's request, in combination with the Debtors' certification they had "completed all payments and obligations required" by their chapter 13 plan caused the Court to enter an order of discharge to which the Debtors were plainly not entitled.

The Court does not condone the Debtors' filing of false certifications. However, it appears that the Debtors filed their certifications without the guidance of counsel and their failure to understand the full implications of the certification they were filing may be somewhat understandable. The Court finds the Trustee's action more troubling. In order to file her request for the Court to enter the Debtors' discharge, she had to turn a blind eye to BAC's response to her Rule 3002.1 Notice, which clearly contained an allegation that the Debtors had not complied with their obligation to make direct payments to BAC. Regardless of whether the Trustee felt she was in a position to prosecute a motion to deny the Debtors their discharge and dismiss their case, it was not appropriate to request entry of the Debtors' discharge after having received notice of a very substantial default in post-petition payments to BAC under the Debtors' confirmed plan.

In her response to the Order to Show Cause, Trustee says that "[t]he Trustee anticipates that her interpretation of 'under the plan' is narrower than the Court's interpretation." (docket #92). Unfortunately, the decision to resolve this issue is not the Trustee's to make. Moreover, this is not a matter of the Court choosing between two equally plausible interpretations of obscure language. The parties have directed the Court to no authority, nor has the Court located any, where a court has accepted the argument that payments made directly to a creditor under a confirmed chapter 13 plan are not "under the plan" and are not required to be completed in order for a chapter 13 debtor to be entitled to discharge under 11 U.S.C. § 1328(a).

The Trustee says that "[a] plan provision may include direct post-petition payments – perhaps lease payments, direct vehicle payments, HOA payments, or a direct mortgage loan which is current on pre-petition payments." The Court fully agrees that a chapter 13 trustee has no way to know if debtors have complied with obligations such as HOA dues, lease payments or

ORDER ON THE COURT'S ORDER TO SHOW CAUSE
Case No. 09-27194 HRT

maintenance of property insurance.  Nothing in this Order should be taken to suggest that this Court expects a chapter 13 trustee to determine the status of such payments before making a request for discharge in a chapter 13 case.  But, where a trustee has received information that the direct payment mortgage creditor alleges a substantial default, that is a matter of an entirely different character and gives rise, at minimum, to a duty to inform the Court of the alleged default.  Just because certain obligations may appear in a confirmed plan, with respect to which a trustee has no knowledge of a debtor's compliance, is no justification to ignore the knowledge a trustee does have.

It may be argued that BAC had ample opportunities to move the Court for relief from the automatic stay or to seek dismissal of the case itself.  Besides, BAC is the holder of a long term debt that is not even subject to the Debtors' discharge.  Why should the Court care about a discharge that is improperly entered when the obligation the Debtors defaulted on is not even affected by the discharge?

The answer is that a discharge is a significant privilege to which a debtor is not entitled unless the requirements of § 1328 are met.  Of particular concern in this case is the § 506 valuation motion to strip off a second mortgage that the Court approved.  The order granting the motion (docket #30) provides that "[u]pon successful completion of the Debtors' plan, the Debtors may request an order that the lien is extinguished."  The Debtors did not request such an order but it is not the order confirming extinguishment of the lien but granting of the discharge (or "the debtor's successful completion of all plan payments and closing of the case,") that triggers extinguishment of the lien.  *See* ¶IV.C.1. of Local Bankruptcy Form 3015-1.1.

The Debtors did not successfully complete their plan but the granting of a standard discharge under § 1328(a) creates that impression.  The Debtors have filed a new case to deal with their post-petition arrearage from the first case and they do not list a second mortgage in the new schedules.  By all appearances, they are proceeding under the assumption that the second mortgage lien has been extinguished but, because the Debtors did not complete their plan in this case, the second mortgage has not been extinguished.

Aside from the fact the Debtors simply are not entitled to a § 1328(a) discharge where they have not fully complied with their chapter 13 plan, the existence of the § 506 motion is a compelling reason to vacate the § 1328(a) discharge.  Where, as here, the Debtors cannot reasonably argue that they complied with the terms of their confirmed plan, they cannot retain the benefit of lien avoidance predicated on plan completion.  The § 1328(a) standard discharge, at minimum, create an ambiguity concerning whether the lien was extinguished.  While there may be some surface logic to the argument that the first mortgage is unaffected by the discharge because it's a long term debt and so that creditor is not harmed by granting a discharge, entry of the standard discharge effectuates the stip-off of the second mortgage.  That is relief that is ancillary to the discharge of debts and it is relief to which the Debtors are not entitled.

ORDER ON THE COURT'S ORDER TO SHOW CAUSE
Case No. 09-27194 HRT

## III.  CONCLUSION

For the reasons stated above, the Court finds that the Debtors were not entitled to entry of a discharge in this case and, therefore, it is

**ORDERED** that the Court's *Discharge of Debtor after Completion of Chapter 13 Plan* (docket #81) is hereby VACATED.

Dated this ___9th___ day of June, 2015.

**BY THE COURT:**

Howard R. Tallman, Judge
United States Bankruptcy Court